United States District Court
Southern District of Texas

**ENTERED**

October 23, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LATONYA REMAY HAYES, | § | |
| | § | CIVIL ACTION NO. H-23-1797 |
| Debtor, | § | |
| | § | BANKRUPTCY CASE NO. 23-30070 |
| | § | |
| SAMUEL OTUBUBUIKE AGUOCHA, | § | |
| | § | |
| Appellant. | § | |
| | § | |

**MEMORANDUM AND OPINION**

This is an appeal from a final order of the bankruptcy court enjoining attorney Samuel Aguocha from representing any person in a consumer debtor case under Chapter 7, 11, or 13 of the Bankruptcy Code. (Docket Entry No. 13-1 at 112). The bankruptcy court's sanction arose out of Mr. Aguocha's representation of Ms. Latonya Remay Hayes in this case, along with several other clients in previous bankruptcy cases. (*Id.* at 103–06). Mr. Aguocha argues that the order should be overturned because (1) "filing documents which contain clerical errors is [not] grounds for disbarment," and (2) the bankruptcy court's sanction was not "the least restrictive measure the [bankruptcy court] could have employed for an attorney that files documents containing clerical errors." (Docket Entry No. 16 at 8, 13).

The court has carefully examined Mr. Aguocha's brief, the record, and the applicable law. Based on that review, the bankruptcy court's order is affirmed, and Mr. Aguocha's appeal is dismissed. The reasons are explained below.

## I.      Jurisdiction & Standard of Review

Under 28 U.S.C. § 158(a)(1), this court has jurisdiction to hear appeals from a bankruptcy court's final judgments and orders.  This court reviews a bankruptcy court's findings of fact for clear error and issues of law de novo.  *See Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997) (per curiam).  "The bankruptcy court's decision to impose sanctions is discretionary" and reviewed for abuse of discretion.  *Id.*; *see also United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006) ("Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do.").  An abuse of discretion occurs when the court's "ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."  *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999).

## II.     Analysis

As the bankruptcy court correctly concluded, (Docket Entry No. 13-1 at 103), Mr. Aguocha qualifies as a "debt relief agency" under 11 U.S.C. § 526.  *See* 11 U.S.C. § 101(12A) (defining a "debt relief agency" as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration," with a few exceptions); *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239 (2010) ("[A]ttorneys who provide bankruptcy assistance to assisted persons are debt relief agencies.").

Under 11 U.S.C. § 526(a), a debt relief agency must not:

(1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;

(2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;

(3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to--

2

(A) the services that such agency will provide to such person; or

(B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or

(4) advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

11 U.S.C. § 526(a).  Upon finding that a debt relief agency "intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section," a court may "enjoin the violation of such section" or "impose an appropriate civil penalty against such person." *Id.* § 526(c)(5).

The bankruptcy court found that Mr. Aguocha committed multiple violations of 11 U.S.C. § 526(a).  On March 3, 2023, Mr. Aguocha filed with the court payroll deposits showing Ms. Hayes's income.  (Docket Entry No. 13-1 at 2, 181).  On the same day, Mr. Aguocha filed Ms. Hayes's tax documents showing that she had income in 2021.  (*Id.* at 2, 182).  Less than two weeks later, Mr. Aguocha filed a sworn statement signed by Ms. Hayes saying she had no income in 2021, 2022, or 2023.  (*Id.* at 166, 181).  The bankruptcy court concluded that Mr. Aguocha had knowingly filed false documents with the court and, in doing so, subjected Ms. Hayes to potential criminal liability.  (*Id.* at 171, 183).

The bankruptcy court also found that Mr. Aguocha failed to provide anything close to the competent representation that he promised—and that every attorney owes—to his client.  Instead of filing Ms. Hayes's required Statement of Financial Affairs, Mr. Aguocha filed a bank statement falsely labeled on the docket entry as a Statement of Financial Affairs.  (*Id.* at 135).  This was one of several required documents misfiled or mislabeled by Mr. Aguocha.  (*Id.* at 105).  Mr. Aguocha also failed to file all the required schedules.  (*Id.* at 47, 132).

3

The trustee filed a motion to dismiss the case based on Ms. Hayes's failure to file complete schedules and to make any payments to the trustee. (*Id.* at 47, 127). The bankruptcy held a hearing on March 21, 2023, which was scheduled a month in advance. (*Id.* at 2–3). At the hearing, both Mr. Aguocha and Ms. Hayes asserted that she had made a payment. (*Id.* at 126, 128). Although Mr. Aguocha said that he had evidence of Ms. Hayes's payment, he was unable to admit that evidence in accordance with the Federal Rules of Evidence, even after the bankruptcy court repeatedly instructed him to do so. (*Id.* at 126–30). When it was clear that Mr. Aguocha did not know how to admit evidence into the record, the trustee asked for Ms. Hayes to be sworn in as a witness and asked her about her alleged payment and employment. (*Id.* at 132). The bankruptcy court continued the hearing based on the testimony elicited by the trustee, but Ms. Hayes's case was still subject to automatic dismissal because of Mr. Aguocha's failure to file the required documents. (*Id.* at 140–41). The bankruptcy court subsequently ordered Mr. Aguocha to "show cause as to why he should not be enjoined from acting as a Debt Relief Agency under 11 U.S.C. § 526(c)(5)." (*Id.* at 103).

At the hearing on the motion to dismiss, Mr. Aguocha acknowledged that he previously had similar conversations with the court about his failure to competently represent bankruptcy clients. (*Id.* at 137). In its show-cause order, the bankruptcy court detailed Mr. Aguocha's past violations, including that Mr. Aguocha "habitually either improperly files or else fails to file documents." (*Id.* at 103). Mr. Aguocha's violations had resulted in the dismissal of, or other harm to, many of his clients' cases. (*Id.*).

When given the opportunity to explain his violations at a show-cause hearing, Mr. Aguocha refused to answer questions and purported to invoke his Fifth Amendment rights based on potential civil liability. *See* (*id.* at 171–72). He denied being in criminal jeopardy. (*Id.* at 163, 165). The

bankruptcy court concluded that the very limited testimony that Mr. Aguocha provided at the hearing contradicted documentary evidence and was demonstrably false. (*Id.* at 183).

Contrary to Mr. Aguocha's characterization, these are not mere "clerical errors." *See* (Docket Entry No. 16 at 8). Mr. Aguocha's attempt to minimize his violations only underscores their severity. Although Mr. Aguocha's baseless invocation of the Fifth Amendment impeded the bankruptcy court's fact-finding efforts at the show-cause hearing, the record is more than sufficient to show that Mr. Aguocha has engaged in a clear and consistent pattern of violating 11 U.S.C. § 526(a). *See* (Docket Entry No. 13-1 at 105). The bankruptcy court was entitled to "impose an appropriate civil penalty" against Mr. Aguocha. *See* 11 U.S.C. § 526(c)(5).

The bankruptcy court enjoined Mr. Aguocha "from representing any consumer debtor in any case under chapter 7, 11 or 13 of the Bankruptcy Code." (Docket Entry No. 13-1 at 112). Given Mr. Aguocha's clear and consistent violations of 11 U.S.C. § 526(a), the resulting harm to his clients, and his patent refusal to take responsibility for his actions, this court concludes that the injunction imposed by the bankruptcy court is an appropriate civil penalty. *See* 11 U.S.C. § 526(c)(5); *cf. In re Steptoe*, No. 14-32633, 2015 WL 1292299, at *3 (Bankr. S.D. Tex. Mar. 18, 2015) (permanently enjoining an attorney from engaging in future violations of 11 U.S.C. §§ 526, 527); *In re Valdez*, No. 11-30883, 2011 WL 3704716, at *1 (Bankr. S.D. Tex. Aug. 22, 2011) (prohibiting a debt relief agency from operating in the district until it demonstrated compliance with 11 U.S.C. § 526).

## III.   Conclusion

The bankruptcy court's order enjoining Mr. Aguocha from representing any person in a consumer bankruptcy case under Chapter 7, 11, or 13 of the Bankruptcy Code, (Docket Entry No.

13-1 at 112), is affirmed.  Mr. Aguocha's appeal, (Docket Entry No. 16), is dismissed.


SIGNED on October 21, 2024, at Houston, Texas.


_____
Lee H. Rosenthal
United States District Judge